IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-30042 |
| ) | |
| BRONELL S. PERKINS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Bronell S. Perkins' sentencing hearing held October 21, 2005. Perkins was present in person and with counsel, Ralph Williams. The Government was present by Assistant United States Attorney Patricia McInerney. On May 4, 2005, Perkins entered a plea of guilty to counts 2 and 5 of the superseding indictment in which he was charged with distribution of at lease five grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), respectively.

The Court was in receipt of a Revised Presentence Report (PSR),

dated August 26, 2005, prepared by the United States Probation Office. At the sentencing hearing, Perkins objected to the two-level enhancement for his supervisory/managerial role in the offense under U.S.S.G. § 3B1.1(c). Perkins argued that the two-level enhancement was not warranted because he did not assume a managerial/supervisory role in the drug transactions. Thus, he stated that his final offense level should be 31 rather than 33. For reasons stated of record, the Court found that the enhancement was supported not only by the statements of Karen Gregory given to law enforcement officers regarding Perkins' supervisory role in the offense, but also by her statements captured on electronic overhears in which she told the Confidential Source that Perkins directed the form in which the drug should be sold. The Court noted that the evidence that the overwhelming majority of the drug transactions took place in Karen Gregory's house did not discount Perkins' supervisory/managerial role in the offense.

The Court, therefore, overruled Perkins' objection and adopted the findings of the PSR with respect to calculating the guideline range. Perkins had a base offense level of 34 under U.S.S.G. § 2D1.1(c)(3). Perkins' offense level was increased by 2 levels under U.S.S.G. § 3B1.1(c) because of his supervisory role in the offense. Perkins was entitled to a three-level

reduction for his acceptance of responsibility under U.S.S.G. § 3E1.1 (as acknowledged by the Government), resulting in a final offense level of 33. Perkins had 7 criminal history points, which placed him in category IV. An offense level of 33 with a criminal history category IV results in a Guideline range of 248 to 295 months imprisonment, consisting of 188 to 235 months imprisonment range on Count 2 plus a 60 months mandatory consecutive sentence on Count 5, in Zone D. The Court recognized that, after the Supreme Court decision in United States v. Booker, the Guidelines are no longer binding on the Court. Booker, 125 S.C. 738 (2005). However, they remain a factor for the Court to consider in sentencing. United States v. Williams, 410 F.3d 397 (7th Cir, 2005).

THEREFORE, after considering the case file, including the PSR, the statements of counsel, the testimony of the Government's witness, Perkins' own statement, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Perkins to 248 months imprisonment, consisting of 188 months on Count 2 and 60 months on Count 5, to run consecutively. Perkins was not ordered to pay a fine, but was ordered to pay a $200.00 special assessment, at the rate of $25 per month, due in full within 8 months. After his release from prison,

Perkins was ordered to serve a term of eight years of supervised release on Count 2 and five years on Count 5, to run concurrently.

IT IS THEREFORE SO ORDERED.

ENTER:   October 25, 2005.

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE